110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ADVANCE REPRODUCTION COMPANY, INC., Plaintiff-Appellant,
v.
UNITED STATES of America and United States General Services
Administration, Defendants-Appellees.
 No. 96-1101.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1997.
 
 Before: LIVELY, MERRITT, and DAUGHTREY, Circuit Judges
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff Advance Reproduction Company challenges the General Services Administration's refusal to reimburse certain relocation expenses. Advance submitted claims under the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §§ 4601-55, for relocation expenses that it incurred after the General Services Administration condemned its property. The General Services Administration denied some of the claimed expenses based on its determination that they were reestablishment costs rather than moving costs. The district court upheld that determination and granted summary judgment for the agency, finding that Advance failed to show that the agency acted arbitrarily or irrationally. We AFFIRM.
 
 FACTS
 
 2
 Advance filed three separate relocation claims. It prepared the first claim with the help of the City of Detroit Community & Economic Development Department, which was under contract with the General Services Administration to provide assistance to relocation claimants and to evaluate and make recommendations on claims submitted to the General Services Administration. Although the Community & Economic Development Department prepared Advance's claim form, Advance's secretary signed the claim. Advance categorized expenses in the first claim as either moving expenses or reestablishment expenses, claiming totals of $58,997 of moving expenses and $85,494 of reestablishment expenses.
 
 
 3
 The General Services Administration denied portions of Advance's first claim. Following the Community & Economic Development Department's recommendations, the General Services Administration paid the $58,997 of moving expenses pursuant to 49 C.F.R. § 24.303, but paid only $10,000 of the reestablishment expenses, in accordance with the cap on reestablishment expenses specified in 49 C.F.R. § 24.304. Advance filed a one-page appeal, in which it argued only that it "had to re-build [two] dark rooms," that the General Services Administration's decision "appears to be a very arbitrary decision to classify moving expenses as re-establishment [sic] costs," and that "[w]e feel all expenses that were submitted, [sic] were moving expenses, and should be reimbursed under this section." The General Services Administration adhered to its initial determination and sent Advance a letter informing it of the cap on reestablishment expense reimbursement and explaining that "[p]hysical changes to the real property at the replacement location of the business are not eligible for reimbursement, except as provided in 49 CFR 24.303(a)(3), 24.304(a), and 24.305(j)."
 
 
 4
 Advance then submitted a second claim for $136,822.33. This claim was also prepared by the Community & Economic Development Department and signed by Advance. In this claim Advance made no attempt to classify the numerous individual expenses as either moving or reestablishment expenses and did not enter aggregate total moving expenses and reestablishment expenses in the locations provided for such totals on the preprinted claim form. Moreover, Advance resubmitted some of the expenses that the General Services Administration had already rejected in the first claim. Nevertheless, the Community & Economic Development Department concluded that $5,265.42 of the claim was for reimbursable moving expenses and the General Services Administration paid that amount. Advance did not appeal the denial of the remaining claims.
 
 
 5
 Advance then filed a third and final claim for $27,820.40. Once again, Advance failed to classify the individual expenses as either moving or reestablishment expenses and, once again, the claim included expenses that already had been submitted and rejected. The General Services Administration rejected this claim in its entirety, relying on the Community & Economic Development Department's finding that all of the submitted expenses were non-reimbursable ongoing maintenance costs or normal business expenses. Once again Advance failed to file an administrative appeal.
 
 ANALYSIS
 
 6
 A claimant challenging an agency's refusal to award benefits under the Uniform Relocation Assistance and Real Property Acquisition Policies Act bears the burden of establishing that the agency acted arbitrarily or capriciously or abused its discretion. See 5 U.S.C. § 706(2)(A) (standard of review of agency actions); Pou Pacheco v. Soler Aquino, 833 F.2d 392, 398 (1st Cir.1987) (burden of proof is on claimant). The district court correctly held that "the plaintiff has failed to set forth: (1) which costs were reasonable moving costs under 49 C.F.R. § 24.304; (2) how [the General Services Administration] arbitrarily or irrationally denied plaintiff's request for compensation; or (3) how the Court is to distinguish between the two costs."
 
 
 7
 In its decision partially rejecting Advance's first claim, the General Services Administration reasonably relied on Advance's own classification of the expenses at issue as reestablishment expenses. In its appeal of that denial, Advance did not discuss any specific expenses that it claimed were misclassified. Instead Advance made sweeping statements of opinion that did not provide any grounds for the General Services Administration to alter its earlier decision. The General Services Administration's denial of that cursory appeal was neither arbitrary nor capricious.
 
 
 8
 In the second and third claims, Advance merely listed expenses without attempting to classify the expenses and without providing any explanation of why the expenses qualified as moving expenses. Advance chose not to file administrative appeals of the denial and partial denial of those claims, even though the Community & Economic Development Department informed it of its right to appeal. Advance has not presented any arguments or explanation to the General Services Administration, the district court, or this Court as to why any of these expenses should be viewed as moving expenses rather than reestablishment expenses. Under these circumstances, we have no grounds for finding that the General Services Administration acted arbitrarily or capriciously or abused its discretion.
 
 
 9
 Advance requests a remand to the General Services Administration for further review, decrying the "glaring deficiency in the motley assortment of documents being proffered as the administrative record in this case." To the extent that any deficiency exists, however, it is entirely Advance's fault. The General Services Administration, acting through the Community & Economic Development Department, reviewed the expenses that Advance submitted and classified them in accordance with the Act on the basis of the information that Advance submitted. Advance has not indicated with any specificity any manner in which either the review or the classification of its expenses was deficient. Advance has failed to avail itself of ample opportunities to supplement the record and to explain why the General Services Administration's classification of its expenses was incorrect. Its failure to do so does not warrant reopening the administrative proceedings to give it another bite at the apple.
 
 
 10
 Advance also suggests that either the General Services Administration or the Community & Economic Development Department had a duty to engage in independent investigative fact-finding going beyond the information that Advance submitted to those agencies. Advance has not cited any statute, regulation, or case supporting the existence of such a duty, however, and this Court has not been able to locate any such authority.
 
 
 11
 Advance has failed to show either that the General Services Administration acted arbitrarily or capriciously or abused its discretion or that the declined expenses were actually reimbursable moving expenses. We therefore AFFIRM the district court's ruling.